IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 11-12804 (KG) |
| NEWPAGE CORPORATION, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter 11 |
| Reorganized Debtors. | ) | |
| | ) | |
| | ) | |
| PIRINATE CONSULTING GROUP, LLC, | ) | |
| AS LITIGATION TRUSTEE OF THE | ) | |
| NP CREDITOR LITIGATION TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 13-52430 (KG) |
| v. | ) | |
| | ) | |
| CASCADES SONOCO INC. AND | ) | |
| CASCADES CONVERSION, INC. | ) | |
| (D/B/A CASCADES SONOCO KINGSEY | ) | |
| FALLS DIVISION), | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT CASCADES CONVERSION INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED. R. BANKR. P. 7012 AND 11 U.S.C. § 546(a)(1)(A)**

**MORRIS JAMES LLP**
Jeffrey R. Waxman (No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-5842

**HARTER SECREST & EMERY LLP**
John A. Mueller, Esq.
Emily C. Ayers, Esq.
Twelve Fountain Plaza, Suite 400
Buffalo, NY 14202-2293
(716) 844-3701

*Counsel for Cascades Conversion, Inc. and Cascades Sonoco Inc.*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .................................. 1

SUMMARY OF ARGUMENT ............................................................................... 2

JURISDICTION AND VENUE .............................................................................. 3

STATEMENT OF FACTS .................................................................................... 3

ARGUMENT ................................................................................................... 9

    I.    Litigation Trustee's Amended Complaint Must Be Dismissed Pursuant
        to FRCP 12(b)(6) for Failure to State a Claim Upon Which Relief Can
        Be Granted ........................................................................................... 9

        A.    Standard of Review for Motion to Dismiss Pursuant to
                FRCP 12(b)(6) ............................................................................. 9

        B.    Litigation Trustee's Amended Complaint is Time Barred by
                the Statute of Limitations .............................................................. 10

                1.    Litigation Trustee's Amended Complaint Against
                        Cascades Conversion is Untimely Pursuant to § 546(a) of
                        the Bankruptcy Code .......................................................... 10

                2.    The Relation Back Doctrine Does Not Remedy Barring of
                        the Litigation Trustee's Avoidance Claims Pursuant to
                        § 546(a) Statute of Limitations ............................................ 13

CONCLUSION ................................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................9

*Burtch v. Opus, L.L.C. (In re Opus East, L.L.C.),*
    2013 Bankr. LEXIS 3150 (Bankr. D. Del. Aug. 6, 2013) ...............................13, 14

*Caguas Cent. Fed. Sav. Bank v. United States,*
    1999 U.S. Claims LEXIS 308 (Fed. Cl. Mar. 2, 1999).....................................12

*Georgia-Pacific Corp. v. Burtch (In re Allied Digital Techs. Corp.),*
    341 B.R. 171 (D. Del. 2006).......................................................................11

*Hechinger Liquidation Trust v. Cooper Bussman, Inc. (In re Hechinger Investment Co. of Delaware, Inc.),*
    297 B.R. 390 (Bankr. D. Del. 2003) .....................................................14, 15, 16

*Indus. Enters. of Am., Inc. v. Brandywine Consultants (In re Pitt Penn Holding Co.),*
    2011 Bankr. LEXIS 3560 (Bankr. D. Del. Sept. 16, 2011) ...............................9, 10

*Indus. Enters. of Am., Inc. v. Mazzuto (In re Pitt Penn Holding Co.),*
    484 B.R. 25 (Bankr. D. Del. 2012) .............................................................9

*Jackson v. Fenway Partners, LLC (In re Coach Am Group Holdings Corp.),*
    2013 Bankr. LEXIS 4440 (Bankr. D. Del. Oct. 23, 2013).................................10

*Krigel v. Richard W. Noble, Esq., et al. (In re American Energy Trading, Inc.),*
    291 B.R. 159 (Bankr. W.D. Mo. 2003).........................................................10

*Martz v. Miller Bros. Co.,*
    244 F. Supp. 246 (D. Del. 1965)................................................................14

*MAS Litig. Trust v. Plastech Engineered Prods. (In re Meridian Auto. Sys.),*
    2007 Bankr. LEXIS 4081 (Bankr. D. Del. Dec. 5, 2007)..................................11

*Miller v. Metal Exchange Corp. (In re IH 1, Inc.),*
    2011 Bankr. LEXIS 5031 (Bankr. D. Del. Dec. 30, 2011).................................11

*Singer v. Kimberly Clark Corp. (In re Am. Pad & Paper Co.),*
    478 F.3d 546 (3d Cir. 2007)......................................................................11

**Statutes**

11 U.S.C. § 301(b) ................................................................................................11

11 U.S.C. § 502 ..............................................................................................1, 7, 8

11 U.S.C. § 546(a)(1)(A) ...............................................................2, 10 11, 12, 16

11 U.S.C. § 547 ........................................................................................... *passim*

11 U.S.C. § 550 ..............................................................................................1, 7, 8

11 U.S.C. § 702 ................................................................................................11

11 U.S.C. § 1104 ..............................................................................................11

11 U.S.C. § 1163 ..............................................................................................11

11 U.S.C. § 1202 ..............................................................................................11

11 U.S.C. § 1302 ..............................................................................................11

28 U.S.C. § 157(b) ..............................................................................................3

28 U.S.C. § 1334 ................................................................................................3

28 U.S.C. § 1408 ................................................................................................3

28 U.S.C. § 1409 ................................................................................................3

**Other Authorities**

Fed. R. Bankr. P. 7012(b) ..................................................................................2, 9

Fed. R. Bankr. P. 7015 ........................................................................................13

Fed. R. Civ. P. 12(b)(6) .......................................................................................2, 9

Fed. R. Civ. P. 15(c) ................................................................................2, 13, 15, 16

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On September 7, 2011 ("Petition Date"), NewPage Corporation and its affiliated debtors (collectively "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"), which this Court consolidated for joint administration on September 8, 2011.  D.I. 1 and 55.[1]

On August 22, 2013, the plaintiff, Pirinate Consulting Group, LLC, as Litigation Trustee of the NP Creditor Litigation Trust ("Litigation Trustee"), and defendant, Cascades Sonoco Inc. ("Sonoco"), entered into a *Stipulation Regarding Tolling and Forbearance Agreement with Respect to Avoidance Actions* ("Tolling Agreement"), extending the two-year statute of limitations filing deadline from September 7, 2013, to October 31, 2013.  D.I. 3525-2.  On August 27, 2013, this Court entered an Order approving the Tolling Agreement between the Litigation Trustee and Sonoco.  D.I. 3525.

On October 29, 2013, the Litigation Trustee filed the *Complaint to (A) Avoid Transfer Pursuant to Bankruptcy Code Sections 547 and 502, and (B) Recover Property Transferred Pursuant to Bankruptcy Code Section 550* against Sonoco ("Original Complaint").  Adv. D.I. 1.

On December 10, 2013, the Litigation Trustee filed the *Amended Complaint to (A) Avoid Transfer Pursuant to Bankruptcy Code Sections 547 and 502, and (B) Recover Property Transferred Pursuant to Bankruptcy Code Section 550* ("Amended

---

[1] "D.I." refers to the docket for the Debtors' main bankruptcy assigned Case No. 11-12804 (KG) and "Adv. D.I." refers to the docket for this adversary proceeding assigned Adv. Proc. No. 13-52430 (KG).

Complaint"), which added the movant, Cascades Conversion Inc. (d/b/a Cascades Sonoco Kingsey Falls Division) ("Cascades Conversion," and together with Sonoco "Defendants"), as a named defendant.  Adv. D.I. 8.

## SUMMARY OF ARGUMENT

Pursuant to 11 U.S.C. § 546(a)(1)(A) and the Petition Date of September 7, 2011, the deadline for any party in the Debtors' bankruptcy case to commence an adversary proceeding for the avoidance of a preferential transfer under § 547 was September 7, 2013.  The Litigation Trustee and Sonoco – notably *not* Cascades Conversion – entered into the Tolling Agreement that extended the deadline to commence an adversary proceeding until October 31, 2013.  On October 29, 2013, the Litigation Trustee commenced the adversary proceeding by filing the Original Complaint against Sonoco.

On December 10, 2013, long after the statute of limitations had expired, the Litigation Trustee filed the Amended Complaint against Cascades Conversion. The Amended Complaint as it relates to Cascades Conversion is time barred by the statute of limitations and subject to immediate dismissal for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. ("FRCP") 12(b)(6), made applicable to this adversary proceeding by FED. R. BANKR. P. ("FRBP") 7012(b).

Further, the relation back doctrine under FRCP 15(c) does *not* apply because the Amended Complaint attempts to add a new party outside of the two-year statute of limitations under § 546(a)(1)(A).

## JURISDICTION AND VENUE

This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Pursuant to LOCAL RULE 7008-1, Cascades Conversion consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## STATEMENT OF FACTS

### I.    DEBTOR ENTITIES

For this matter, the relevant Debtors are as follows: (i) Escanaba Paper Company ("Escanaba"); (ii) Luke Paper Company ("Luke"); (iii) NewPage Corporation ("NP Corp."); (iv) NewPage Wisconsin System ("NP Wisconsin"); (v) Rumford Paper Company ("Rumford"); and (vi) Wickliffe Paper Company ("Wickliffe").

### II.    DEBTORS' SCHEDULE F FILINGS

The Debtors identified separate claims for Cascades Conversion[2] and Sonoco in their Schedule F filings (collectively "Schedules"):[3]

*(Space intentionally left blank – see Schedules chart on next page)*

---

[2] Address listed by the Debtors for creditor, "Cascades Inc.," is that of Cascades Conversion.
[3] *See* relevant portions of Schedules attached hereto as **Exhibit A**.

| Debtor | D.I. | Creditor | Creditor Address | Claim Amount |
|---|---|---|---|---|
| Escanaba | 659 | Cascades Inc. | 457 Rue Marie-Victorin, C.P. 249 Kingsey Falls, QC, Canada J0A 1B0 | $457,399.81 |
| Luke | 658 | Cascades Inc. | 457 Rue Marie-Victorin, C.P. 249 Kingsey Falls, QC, Canada J0A 1B0 | $254,585.42 |
| NP Wisconsin | 656 | Cascades Inc. | 457 Rue Marie-Victorin, C.P. 249 Kingsey Falls, QC, Canada J0A 1B0 | $662,191.63 |
| Rumford | 651 | Cascades Inc. | 457 Rue Marie-Victorin, C.P. 249 Kingsey Falls, QC, Canada J0A 1B0 | $290,907.08 |
| Wickliffe | 653 | Cascades Sonoco Inc. | 170 Cleage Drive, Suite 100 Birmingham, Alabama 35217 | $105,174.43 |

## III.    DEBTORS' STATEMENTS OF FINANCIAL AFFAIRS

In response to "Question 3b / Payments to Creditors," the Debtors' Statements of Financial Affairs (collectively "Statements") provided detailed information for numerous pre-petition payments to Cascades Conversion and Sonoco:[4]

*(Space intentionally left blank – see Statements chart on next page)*

---

[4] *See* relevant portions of Statements attached hereto as attached **Exhibit B**.

4

| Debtor | D.I. | Creditor | Creditor Address | Amount Paid |
|--------|------|----------|------------------|-------------|
| Luke | 670 | Cascades Inc. | 457 Rue Marie-Victorin, C.P. 249 Kingsey Falls, QC, Canada J0A 1B0 | $3,407.10 |
| NP Corp. | 1715 | Cascades Inc. | 457 Rue Marie-Victorin, C.P. 249 Kingsey Falls, QC, Canada J0A 1B0 | $2,153,010.87 |
| NP Wisconsin | 671 | Cascades Inc. | 457 Rue Marie-Victorin, C.P. 249 Kingsey Falls, QC, Canada J0A 1B0 | $11,849.35 |
| Wickliffe | 675 | Cascades Sonoco Inc. | 170 Cleage Drive, Suite 100 Birmingham, Alabama 35217 | $176,035.08 |

According to the Statements, Luke, NP Corp. and NP Wisconsin made *every* payment to "CASCADES INC" via traditional paper check delivered to Cascades Conversion's location in Kingsey Falls, Québec, Canada. D.I. 670, 671 and 1715; *see also* ¶ 18 of Adv. D.I. 8.

Also according to the Statements, Wickliffe was the only Debtor that dealt with "CASCADES SONOCO INC" and provided *every* payment via "ACH," or automated clearinghouse, delivered to Sonoco's location in Birmingham, Alabama, United States. D.I. 675; *see also* ¶ 17 of Adv. D.I. 8.

## IV.    DEFENDANTS' PROOFS OF CLAIM

On February 2, 2012, Cascades Conversion and Sonoco filed five (5) separate Proofs of Claim, with supporting account records, that each designated the appropriate Debtor:

| Debtor | Claim No. | Creditor | 503(b)(9) Administrative | General Unsecured |
|---|---|---|---|---|
| Escanaba | 2198 | Cascades Conversion | $175,401.40 | $280,928.24 |
| Luke | 2231 | Cascades Conversion | $45,528.04 | $210,974.31 |
| NP Wisconsin | 2206 | Cascades Conversion | $156,100.36 | $485,236.43 |
| Rumford | 2230 | Cascades Conversion | $76,366.70 | $210,756.86 |
| Wickliffe | 2140 | Cascades Sonoco | $62,270.78 | $36,225.70 |

## V.    SETTLEMENT OF 503(B)(9) CLAIMS

On June 1, 2012, the Debtors filed a *Further Supplemental Notice Identifying 503(b)(9) Claims* ("503(b)(9) Notice") deeming certain of the Defendants' claims "valid" as filed: (i) Claim No. 2140 in favor of "*Cascades Sonoco Inc., Birmingham Division*"; and (ii) Claim No. 2230 in favor of "*Cascades Conversion Inc., d/b/a Cascades Sonoco Kingsey Falls Div.*" D.I. 1687.[5]

On June 21, 2012, Cascades Conversion and Sonoco filed a response to the 503(b)(9) Notice that reaffirmed the previously filed Proofs of Claim. D.I. 1840.

The Debtors and Cascades Conversion resolved the remaining administrative expense disputes and settled Claim Nos. 2198, 2206 and 2231 in favor of "*Cascades Conversion Inc., d/b/a Cascades Sonoco Kingsey Falls Div.*," so a *Notice of Withdrawal* was filed on August 21, 2012. D.I. 1687 and 2183.

---

[5] *See* relevant portion of 503(b)(9) Notice attached hereto as **Exhibit C**.

6

## VI.    TOLLING AGREEMENT AND ORIGINAL COMPLAINT

By virtue of the Tolling Agreement, the Litigation Trustee and Sonoco extended the two-year statute of limitations for filing an avoidance action against Sonoco from September 7, 2013, to October 31, 2013.  D.I. 3525-2.

In compliance with the Tolling Agreement, the Litigation Trustee filed the Original Complaint against Sonoco on October 29, 2013.  Adv. D.I. 1.  The Original Complaint did *not* name Cascades Conversion as a defendant or identify it as a party. *See* ¶¶ 12-16, Adv. D.I. 1.  The Original Complaint acknowledged Claim No. 2140 filed in favor of Sonoco.  *See* ¶ 2, Adv. D.I. 1.  The Original Complaint included three (3) causes of action against Sonoco: (i) preferential transfers of $2,268,145.40 – 11 U.S.C. § 547; (ii) recover property – 11 U.S.C. § 550; and (iii) disallowance of a claim – 11 U.S.C. § 502.  Adv. D.I. 1 and 1-1.

## VII.    AMENDED COMPLAINT

On December 10, 2013, the Litigation Trustee filed the Amended Complaint against *both* Cascades Conversion and Sonoco.  Adv. D.I. 8.

The Amended Complaint set forth the Litigation Trustee's justification for adding Cascades Conversion as a named defendant:

> Subsequent to the filing of the Original Complaint, Plaintiff was informed by the Defendant that certain of the Transfers listed in the Original Complaint were received by Cascades Conversion. *After investigation, the Litigation Trustee has determined that the [sic] certain of the Transfers were received by Cascades Conversion*; however, such Transfers were made by checks issued to "Cascades Sonoco." Out of an abundance of caution, Plaintiff files this Amended Complaint to include Cascades Conversion as an additional defendant and recipient of certain of the Transfers.

*See* ¶ 1, Adv. D.I. 8 (emphasis added).

The Amended Complaint acknowledged Claim No. 2140 filed in favor of Sonoco and Claim Nos. 2198, 2206, 2230 and 2231 filed in favor of Cascades Conversion. *See* ¶ 3, Adv. D.I. 8.

The Amended Complaint included three (3) causes of action against Sonoco: (i) preferential transfers of $190,420.19 – 11 U.S.C. § 547; (ii) recover property – 11 U.S.C. § 550; and (iii) disallowance of a claim – 11 U.S.C. § 502.  Adv. D.I. 8 and 8-1.

The Amended Complaint *added* three (3) causes of action against Cascades Conversion: (i) preferential transfers of $2,077,725.18 – 11 U.S.C. § 547; (ii) recover property – 11 U.S.C. § 550; and (iii) disallowance of a claim – 11 U.S.C. § 502.  Adv. D.I. 8 and 8-1.

## ARGUMENT

I.   **LITIGATION TRUSTEE'S AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    A.   *Standard of Review for Motion to Dismiss Pursuant to FRCP 12(b)(6)*

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) is made applicable to adversary proceedings by FRBP 7012(b).[6] A motion to dismiss under FRCP 12(b)(6) "tests the sufficiency of the factual allegations in a complaint," where "the chief inquiry is 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"[7]

In light of the United States Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*[8] and *Ashcroft v. Iqbal*,[9] the Third Circuit Court of Appeals instructed courts "to conduct a two-part analysis when considering a motion to dismiss for failure to state a claim."[10] First, the court should "separate the factual elements from the legal elements of a claim...assume the veracity of the factual allegations set forth in the complaint, draw all reasonable inferences from the facts alleged, and construe all allegations in the light most favorable to the plaintiff."[11] In doing so, however, the court "'is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or

---

[6] *Indus. Enters. of Am., Inc. v. Brandywine Consultants (In re Pitt Penn Holding Co.)*, 2011 Bankr. LEXIS 3560, *7 (Bankr. D. Del. Sept. 16, 2011).
[7] *Indus. Enters. of Am., Inc. v. Mazzuto (In re Pitt Penn Holding Co.)*, 484 B.R. 25, 36 (Bankr. D. Del. 2012) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).
[8] 550 U.S. 544 (2007).
[9] 556 U.S. 662 (2009).
[10] *Indus. Enters. of Am., Inc. v. Brandywine Consultants*, 2011 Bankr. LEXIS 3560 at *8 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).
[11] *Id. (citing Iqbal*, 556 U.S. at 677-681).

allegations that are self-evidently false.'"[12]  Second, the court must "determine whether the factual allegations are sufficient to show that the plaintiff has a plausible claim for relief."[13]  If the court finds that a complaint "fails to plead 'enough fact to raise a reasonable expectation that discovery will reveal evidences [to support the claim],' the motion to dismiss must be granted as to such claim."[14]

The analysis in this case is not overly complex because clear and unambiguous statutory law controls the pending Motion to Dismiss.  Pursuant to the facts and law detailed herein, the Amended Complaint is untimely as to Cascades Conversion and barred by the applicable statute of limitations under the Bankruptcy Code.  The Litigation Trustee's claims against Cascades Conversion are "properly subject to dismissal for failure to state a claim when it appears from the face of the complaint itself that the limitation period has run."[15]

**B.**    ***Litigation Trustee's Amended Complaint is Time Barred by the Statute of Limitations***

    **1.**    **Litigation Trustee's Amended Complaint Against Cascades Conversion is Untimely Pursuant to § 546(a) of the Bankruptcy Code**

Section 546(a) of the Bankruptcy Code bars the commencement of an adversary proceeding for the avoidance of a preferential transfer under § 547 after the earlier of:

---

[12] *Jackson v. Fenway Partners, LLC (In re Coach Am Group Holdings Corp.)*, 2013 Bankr. LEXIS 4440, *9 (Bankr. D. Del. Oct. 23, 2013) (internal quotations omitted) (citing *St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co.*, 291 F.R.D. 75 (D. Del. 2013) (internal citations omitted)).

[13] *Indus. Enters. of Am., Inc. v. Brandywine Consultants*, 2011 Bankr. LEXIS 3560 at *10 (internal quotations omitted).

[14] *Id.* (quoting *Twombly*, 550 U.S. at 556).

[15] *Krigel v. Richard W. Noble, Esq., et al. (In re American Energy Trading, Inc.)*, 291 B.R. 159, 163 (Bankr. W.D. Mo. 2003) (citing *Guy v. Swift & Co.*, 612 F.2d 383, 386 (8th Cir. 1980)).

(1) the later of–
    (A) *2 years after the entry of the order for relief*; or
    (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title [11 U.S.C § 702, 1104, 1163, 1202, or 1302] if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
(2) the time the case is closed or dismissed.[16]

In the case of an avoidance proceeding, "the limitations period for a § 547 action is two years following the entry of the order for relief."[17] Section 301(b) of the Bankruptcy Code provides that the filing of a voluntary petition for bankruptcy "constitutes an order for relief under such chapter" of the Bankruptcy Code.[18] Section 546(a) therefore "provides a two-year statute of limitations for the commencement of preference...actions, running from the petition date."[19] The Third Circuit has held that § 546 is "amenable to a 'plain language' analysis...[as] the statute puts all parties in interest on notice that the time for filing of voidance actions will expire in two years," and application of the limitations period is "straightforward."[20] In situations where the events listed in § 546(a)(1)(B) are inapplicable, avoidance claims that are filed outside of the two-year statute of limitations are *automatically time-barred and must be dismissed.*[21]

---

[16] 11 U.S.C. § 546(a) (emphasis added).
[17] *Miller v. Metal Exchange Corp. (In re IH 1, Inc.)*, 2011 Bankr. LEXIS 5031, *7 (Bankr. D. Del. Dec. 30, 2011).
[18] 11 U.S.C. § 301(b).
[19] *MAS Litig. Trust v. Plastech Engineered Prods. (In re Meridian Auto. Sys.)*, 2007 Bankr. LEXIS 4081, *9 (Bankr. D. Del. Dec. 5, 2007).
[20] *Singer v. Kimberly Clark Corp. (In re Am. Pad & Paper Co.)*, 478 F.3d 546, 550 and 566 (3d Cir. 2007).
[21] *See e.g. Singer,* 478 F.3d at 551-552, 557 (Trustee's avoidance claims dismissed because claims were filed outside of the § 546(a) two year statute of limitations); *Georgia-Pacific Corp. v. Burtch (In re Allied Digital Techs. Corp.),* 341 B.R. 171 (D. Del. 2006) (Trustee's avoidance actions dismissed as untimely pursuant to § 546(a) because claims were filed outside the two-year statute of limitations).

Based on the detailed 'Statement of Facts' above, the Amended Complaint against Cascades Conversion is time barred by the § 546(a)(1)(A) two-year statute of limitations and subject to immediate dismissal with prejudice because:

- Per the Debtors' Petition Date of September 7, 2011, the statutory deadline for the Litigation Trustee to file suit against Cascades Conversion was September 7, 2013.

- As of the filing deadline, the Litigation Trustee had *not* provided any notice, made a formal demand, or initiated avoidance claim litigation against Cascades Conversion.

- The Tolling Agreement was expressly limited in both title and content to Sonoco, and is the only reason that one can even consider the Original Complaint timely as to Sonoco.

- Cascades Conversion was *never* a party to the Tolling Agreement, directly, indirectly or otherwise.[22] By contrast, Cascades Conversion was an open, active and known participant in the Debtors' bankruptcy.

- The Litigation Trustee finally named Cascades Conversion as a defendant when filing the Amended Complaint on December 10, 2013 – a date clearly outside the § 546(a)(1)(A) two-year statute of limitations. Until that point, the Litigation Trustee had *never* asserted any claims, formally or informally, against Cascades Conversion.

- Since the events listed in § 546(a)(1)(B) are inapplicable to this case, the Amended Complaint's claims against Cascades Conversion are 'automatically time-barred and must be dismissed.'

Based on the forgoing, this Court should grant the Motion to Dismiss because the claims against Cascades Conversion are barred by the statute of limitations.

---

[22] Courts have held that a tolling agreement is strictly enforceable against the parties named within the tolling agreement. *See Caguas Cent. Fed. Sav. Bank v. United States*, 1999 U.S. Claims LEXIS 308 (Fed. Cl. Mar. 2, 1999) ("We view the 'tolling agreement' as being strictly limited in its application to the parties…").

2.    **The Relation Back Doctrine Does Not Remedy Barring of the Litigation Trustee's Avoidance Claims Pursuant to § 546(a) Statute of Limitations**

Rule 15(c) of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides:

(c) RELATION BACK OF AMENDMENTS.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[23]

The relation back doctrine under FRCP 15(c) "sets forth the circumstances under which amendments may relate back to the original complaint," and is made applicable to adversary proceedings through FRBP 7015.[24] The relation back doctrine is "designed to

---

[23] FRCP 15(c).

[24] *Burtch v. Opus, L.L.C. (In re Opus East, L.L.C.),* 2013 Bankr. LEXIS 3150, *11 (Bankr. D. Del. Aug. 6, 2013); *see also* FRBP 7015.

balance a defendant's interest in the protection afforded by the statute of limitations with the preference of the Rules for resolving disputes on their merits."[25]

There are two reasons why the Litigation Trustee's Amended Complaint against Cascades Conversion does *not* relate back to the Original Complaint: (i) addition of a new party; and (ii) lapsed statute of limitations.  In response to these exact issues, numerous courts and treatises have recognized that "[w]hile an amendment may be made to correct a mistake in the name of a party, *a new party may not be brought into an action once the statute of limitations has run because such an amendment amounts to a new and independent cause of action*."[26]  Courts have long recognized the distinction between an amendment that "merely corrects a misdescription of the party intended to be sued for the purpose of proper identification," and one that "in effect brings in a new party, [because] a new cause of action results and the amendment cannot relate back to the original complaint."[27]

The *Hechinger*[28] case before this Court provides a perfect roadmap, both factually and legally, for addressing the issues in this case.  The plaintiff in *Hechinger* originally filed the avoidance action against "Cooper Bussmann, Inc.," but then sought to add as a new defendant, "Cooper Industries, Inc., d/b/a Bussmann Division, and d/b/a Cooper Lighting Division, f/k/a Edison Lighting."[29]  The plaintiff argued that the amendment was

---

[25] *Burtch*, 2013 Bankr. LEXIS 3150 at *12.
[26] *Martz v. Miller Bros. Co.*, 244 F. Supp. 246, 249 (D. Del. 1965) (citations omitted).
[27] *Id.* (citations omitted) (emphasis added).
[28] *Hechinger Liquidation Trust v. Cooper Bussman, Inc. (In re Hechinger Investment Co. of Delaware, Inc.)*, 297 B.R. 390 (Bankr. D. Del. 2003).
[29] *Id.* at 392.

to correct a "technical deficiency;" namely, a "slightly improper name in the caption of the original complaint."[30]

This Court analyzed the facts, applied the law and ruled against the plaintiff in *Hechinger*. This Court first noted that the defendant entities may have shared a parent company, but Cooper Bussmann, Inc. was a Delaware corporation with a principal place of business in Missouri, and Cooper Industries, Inc. was an Ohio corporation headquarted in Texas.[31]  In recognizing these facts, this Court's application of the law was succinct and logical:

> Rule 15(c)(3)(B) also does not apply when a plaintiff simply omits from the original complaint a separate, unrelated party, regardless of whether the omission was unintentional.  This is not a situation in which there has been a misnomer or misidentification of a party.  Bussmann is properly a defendant in this action.  Whether Lighting and/or Cooper should also be named as defendants, *it is indisputable that they are entities separate from Bussmann and that their inclusion as defendants would constitute the naming of additional defendants.*
>
> * * *
>
> I do not find credible Plaintiff's contention that it mistakenly named the wrong defendant due to the complexity of Cooper's corporate structure.  Where I inclined to believe that Plaintiff's sophisticated counsel was unable to decipher Cooper's corporate structure, that assertion is belied by the fact that the named defendant in this action is "Cooper Bussmann, Inc."  Thus, Plaintiff was clearly able to determine that Bussmann is a distinct corporate entity, regardless of how it may fit into the larger Cooper corporate structure.  *By choosing to name only one distinct entity as a defendant, Plaintiff necessarily omitted naming either Lighting and/or Cooper.*  Even if that omission was unintentional, as a proper defendant was named, there is no reason Cooper and/or Lighting should have known that they were intended to be named as defendants as well.  Thus, Rule 15(c)(3)(B) has not been

---

[30] *Id.* at 392-393.
[31] *Id.* at 392.

15

satisfied and the amendment cannot relate back to the original filing, As such, it is barred by the statute of limitations and will not be permitted.[32]

This Court's analysis in *Hechinger* is directly on point for the situation between the Litigation Trustee and Cascades Conversion. The Litigation Trustee admits that Sonoco and Cascades Conversion are separate and distinct corporate entities, "Sonoco is a corporation residing in and subject to the laws of the state of Alabama;" and "Cascades Conversion is a corporation residing in and subject to the laws of Quebec, Canada." ¶¶17-18, Adv. D.I. 8. The Litigation Trustee ignores the fact that adding Cascades Conversion as a defendant creates 'a new and independent cause of action' and instead, alleges that the Amended Complaint is simply filed "[o]ut of an abundance of caution." ¶ 1, Adv. D.I. 8.

Whether intentional or not, the Litigation Trustee did not fully investigate the claims and omitted Cascades Conversion from the Original Complaint. A cursory review of the Debtors' filings (Schedules, Statements, 503(b)(9) Notice, etc.), or the Proofs of Claim filed by Sonoco and Cascades Conversion would have revealed the separate claims for and against both Sonoco and Cascades Conversion. Having failed to satisfy the elements under FRCP 15(c), the Amended Complaint against Cascades Conversion does ***not*** relate back to the Original Complaint and is therefore time barred by the § 546(a)(1)(A) two-year statute of limitations and subject to immediate dismissal with prejudice.

---

[32] *Id.* at 394-395 (quotations omitted).

## CONCLUSION

WHEREFORE, the Litigation Trustee failed to comply with the two-year statute of limitations filing deadline under 11 U.S.C. § 546(a)(1)(A) and Cascades Conversion respectfully requests entry of an Order: (i) dismissing all claims against Cascades Conversion in the Amended Complaint with prejudice; (ii) awarding Cascades Conversion all costs, including legal fees and expenses; and (iii) granting Cascades Conversion such other and further relief as this Court deems just and proper.

Dated: March 24, 2014

**MORRIS JAMES LLP**

_____

Jeffrey R. Waxman (No. 4159)
500 Delaware Ave., Suite. 1500
Wilmington, DE  19801-1494
Tel:  (302) 888-5842

-and-

John A. Mueller, Esq.
Emily C. Ayers, Esq.
HARTER SECREST & EMERY LLP
Twelve Fountain Plaza, Suite 400
Buffalo, NY 14202-2293
Tel:  (716) 844-3701
jmueller@hselaw.com
eayers@hselaw.com\

_Counsel for Cascades Conversion, Inc._

17